# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2327 | **DATE** | 5/25/2012 |
| **CASE TITLE** | Viette v. Holiday Inn Suites | | |

**DOCKET ENTRY TEXT**

Accordingly, Viette's claim is dismissed without prejudice and her motions for appointment of counsel and to proceed in forma pauperis are dismissed as moot. If Viette can amend her Complaint to correct the deficiencies outlined above, she must file an Amended Complaint by June 4th, 2012. If Viette fails to file an Amended Complaint or pay the $350 filing fee by June 11th, 2012, her case is subject to termination by the Court without further notice.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

     Plaintiff Elphege Viette ("Viette") moves to proceed in forma pauperis without the full prepayment of filing fees and for appointment of counsel in her suit against her previous employer Holiday Inn Suites pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. For the reasons stated below, Viette's motions are denied and her claim is dismissed without prejudice.

     Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Viette to proceed in forma pauperis if she is unable to pay the mandated court fees. Viette need not be penniless to proceed in forma pauperis under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed if payment of the filing fee will prevent her from providing for life's necessities. *See Id.* According to Viette's financial affidavit, she is currently unemployed and makes $1,056 per month. In addition, she owns an automobile worth $1,200. Viette reports no other real estate, personal property, savings or sources of income. Based on these facts, Viette's financial affidavit has set forth her inability to pay the mandated court fees.

     The Court, however, must look beyond Viette's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed in forma pauperis and dismiss the action if it is frivolous or malicious, if the plaintiff seeks damages from a defendant who is immune from such relief, or if the action fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). With regard to the second factor, failure to state a claim, the Court evaluates the sufficiency of the pleading according to Rule 12(b)(6), which requires "that a complaint contain enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

     Viette states that she was employed by Holiday Inn & Suites as a shuttle bus driver from August 2001

| STATEMENT |
|---|

through December 2010, when she was discharged. She does not claim that she was discharged due to racial discrimination; instead, she alleges that employees who had less seniority and performed identical duties were paid a higher wage–presumably due to race, though she does not explicitly allege a discriminatory intent or even state her race. Viette complained several times to the general manager and assistant manager to no avail. She seeks to recover the difference in back pay for her employment from 2007 through 2010, which she calculates to be $21,579.48.

To initiate a suit under Title VII of the Civil Rights Act of 1964 for racial discrimination, a claimant must first file charges with the Equal Employment Opportunity Commission ("EEOC") or the local state agency charged with investigating discrimination–in this case, the Illinois Department of Human Rights. 42 U.S.C. § 2000e-5e; *see also Tyson v. Gannett Co.*, 538 F.3d 781, 783 (7th Cir. 2008)(" A plaintiff can sue under Title VII only if she first has filed a charge of discrimination with the EEOC."). Viette reports in her Complaint that she filed a charge asserting these discriminatory acts, but she does not provide the date on which she filed the charge, nor the name of the agency, nor a copy of the charge. (Doc. 1, p. 2). Viette does not indicate whether she received a right to sue letter from the EEOC. (Doc. 1, p. 3). The letter that she does attach is from the Illinois Department of Labor, notifying her that her claim against Holiday Inn & Suites is dismissed for two reasons: first, that the employer made no direct commitment to pay a shift differential; and second, that the subject of the complaint is a civil matter and not within the scope of laws the Department enforces. (Doc. 1, p. 10). The Complaint's omissions indicate that Viette has not complied with the procedure necessary for bringing a claim of employment discrimination pursuant to Title VII. Consequently, Viette's claim under Title VII is dismissed for failure to file with the EEOC or the Illinois Department of Human Rights.[1]

In contrast, "filing of a discrimination charge is not a prerequisite to pursuing [a Section 1981] claim in court." *Tyson*, 538 F.3d at 783 (dismissing plaintiff's claim of employment discrimination due to race pursuant to Title VII for failure to file with the EEOC, but preserving the same claim of race discrimination under Section 1981); *see also Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007)(dismissing plaintiff's claim of unequal pay due to sex pursuant to Title VII for failure to file with the EEOC, but preserving the claim of unequal pay due to race and national origin under Section 1981). Yet glaringly omitted from Viette's Complaint is an allegation that she suffered discrimination due to her race. She alleges that employees who had less seniority and performed identical duties were paid a higher wage, but she does not state her race to establish that she belongs to a protected class, or allege that the employees who were treated more favorably do not belong to a protected class. Both facts are crucial to a claim of discrimination based on race. *See Fane*, 480 F.3d at 538 (to set forth a prima facie case of racial discrimination, a plaintiff must to show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly-situated persons not in the protected class were treated more favorably). Viette indicates that she brings her claim pursuant to Section 1981, but makes no factual allegations regarding race in any way. Consequently, the Complaint does not allege enough facts to state a claim under Section 1981 that is plausible on its face. *See Twombly*, 550 U.S. at 570.

Accordingly, Viette's claim is dismissed without prejudice and her motions for appointment of counsel and to proceed in forma pauperis are dismissed as moot. If Viette can amend her Complaint to correct the deficiencies outlined above, she must file an Amended Complaint by June 4th, 2012. If Viette fails to file an Amended Complaint or pay the $350 filing fee by June 11th, 2012, her case is subject to termination by the Court without further notice.

---

1. The purpose of requiring a claimant to filing a charge before the EEOC is threefold. First, it serves to notify the charged party of its alleged violation; second, it permits the agency to investigate the charge; third, it facilitates a resolution, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates. *See Fane*

*v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007); *see also Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). Exhaustion of this administrative remedy does not constitute an absolute jurisdictional prerequisite to bringing suit in court. *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000)(explaining that exhaustion of the administrative remedy serves as a precondition subject to waiver, estoppel and equitable tolling). An exception to the general rule can be made when a party had adequate notice of the charge, under circumstances where it would have had an opportunity to participate in conciliation proceedings. *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001). In this case, Holiday Inn & Suites has not had an opportunity to participate in conciliation proceedings and perhaps voluntarily comply with the mandates of Title VII. Therefore the circumstances do not call for an exception to the rule that Viette must first file her claim of racial discrimination under Title VII with the EEOC.