IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELPHEGE VIETTE ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 12 C 2327 |
| ) | |
| HOSPITALITY STAFFING INC., ) | Judge Virginia M. Kendall |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Elphege Viette filed a four-count complaint against Defendant Hospitality Staffing, Inc. ("Hospitality") alleging that Hospitality violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 by discriminating against him due to his race and by retaliating against him for engaging in activity protected by these statutes. Hospitality has moved for summary judgment on all of Viette's claims. For the reasons set forth below, Hospitality's motion is granted.

### STATEMENT OF UNDISPUTED FACTS[1]

Hospitality hired Viette in August 2004 as a shuttle bus driver but terminated him on December 1, 2010. (Def. 56. 1 ¶¶ 4-5.) On December 6th and then again on December 8, 2010, Viette filed charges of discrimination with the Illinois Department of Human Rights ("IDHR"), which were then cross-filed with the Equal Employment Opportunity Commission. (*Id.* at ¶¶ 6-

---

[1] Throughout this Opinion, the Court refers to the Parties' Local Rule 56.1 Statements of Undisputed Material Facts as follows: citations to the Defendants' Statement of Uncontested Facts have been abbreviated to "Def. 56.1 ¶ or Ex. , p. ."; and citations to Viette's Response to the Defendants' L.R. 56.1 Statement of Material Facts have been abbreviated to "Pl. 56.1 Resp. ¶ ."

7.) Viette alleged that Hospitality discriminated against him as a result of his race, age and national origin. (*Id.*) He received a right-to-sue letter from the EEOC on May 30, 2012. (*Id.* at ¶ 8.)

On May 20, 2011, Viette filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. (*Id.* at ¶ 10; *see also In re Elphege Viette,* No. 11-21394 (Bankr. N.D. Ill. 2011)). Viette was represented by an attorney during this bankruptcy proceeding. (*Id.*) As part of his petition, Viette included schedules listing contingent and unliquidated claims he possessed at the time of filing. (*Id.* at ¶ 11.) He also submitted a statement listing the lawsuits and administrative proceedings to which he was a party during the prior year. (*Id.* at ¶ 12.) However, Viette never disclosed his charges of discrimination and the existence of the claims he now asserts against Hospitality to either the Bankruptcy court, the United States Trustee or to his creditors. (*Id.* at ¶¶ 13, 16.) On September 9, 2011, the Bankruptcy court entered an order discharging Viette's unsecured debts. (*Id.* at ¶ 14.) The court closed the bankruptcy case on September 12, 2011. (*Id.* at ¶ 15.)

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). When determining if a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local

Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.")(citing *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983)). Rebuttals based purely on "self-serving affidavits without factual support in the record will not defeat a motion for summary judgment." *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) (citing *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir.1993)).

**DISCUSSION**

**I.      Viette Lacks Standing Because His Claims Are Property of the Bankruptcy Estate**

Hospitality argues that the Court should enter summary judgment in its favor because Viette lacks standing to bring this lawsuit as the claims are the property of his Chapter 7 bankruptcy estate. A plaintiff must have standing in order for the Court to entertain their suit. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009) (citing *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). When a debtor files a bankruptcy petition, generally all of his or her property becomes property of the estate. *See Matter of Yonikus,* 996 F.2d 866, 869 (7th Cir. 1993). The Bankruptcy Code defines property to include all of the debtor's legal and equitable interests. *See* 11 U.S.C. § 541; *see also Yonikus,* 996 F.2d at 869. This includes causes of action. *See In re Polis,* 217 F.3d 899, 901 (7th Cir. 2000). Therefore, once a party files a

3

Chapter 7 petition, only the trustee for the bankruptcy estate has the capacity to sue or be sued. *See Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (7th Cir. 1999) (citing *In re New Era, Inc.,* 135 F.3d 1206, 1209 (7th Cir. 1998)).

The only way that a debtor can then assert a claim in their own name that arose prior to the filing of the petition is if the trustee abandons the debtor's claims. If this happens, title to the claim reverts to the debtor as if the debtor "had owned them continuously and the bankruptcy never happened." *Matthews v. Potter,* 316 Fed. Appx. 518, 521-22 (7th Cir. 2009) (citing Collier on Bankruptcy, ¶ 554.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)); *see also* 11 U.S.C. § 554. However, abandonment cannot occur if the debtor fails to disclose the claim to the trustee.

In this case, there is no dispute that Viette filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Illinois on May 20, 2011. There is no dispute that his claims accrued prior to the time he filed his petition. Finally, there is no dispute that Viette failed to disclose the existence of the claims he asserts here to the Bankruptcy court and the trustee. Accordingly, Viette has no standing to assert this lawsuit.

## II. The Doctrine of Judicial Estoppel Precludes Viette's Claims

Viette concedes that he currently lacks standing to prosecute this lawsuit; however, he contends that the Court should stay the case so that he may petition the Bankruptcy court to reopen his case, amend his schedules and then pursue this case in the event the trustee abandons the claims. However, even if this scenario were ever to come to pass, Viette's claims are still precluded by the doctrine of judicial estoppel. This equitable doctrine "prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding." *Johnson v. ExxonMobil Corp.,* 426 F.3d 887, 891 (7th Cir. 2005). The

Seventh Circuit has repeatedly stated that the doctrine precludes a "debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, [from] realiz[ing] on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006); *see also Biesek v. Soo Line R.R. Co.,* 440 F.3d 410, 412 (7th Cir. 2006) ("Plenty of authority supports the...conclusion that a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim.").

Since Viette failed to disclose these claims in his bankruptcy petition, he is judicially estopped from pursuing them here even in the unlikely scenario that he regains standing. Viette, however, contends that judicial estoppel should not apply to his claims in this case because his failure to disclose was inadvertent due to his "imperfect grasp of written and spoken English." (Doc. 42 at 9.) Viette also argues that the Seventh Circuit in *Cannon-Stokes* suggests that if a party moved to amend their disclosures to include their unliquidated claim, the doctrine of judicial estoppel should not apply. (*Id.* at 8-9.) Neither of these arguments have merit.

First, courts have generally found that an omission of a claim from a bankruptcy filing is only inadvertent when "'the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Esparza v. Costco Wholesale Corp.*, No. 10 C 5406, 2011 WL 6820022, at *5 (N.D. Ill. Dec. 28, 2011) (quoting *Eastman v. Union Pac. R. Co.,* 493 F.3d 1151, 1157-58 (10th Cir. 2007)). Viette had motive to conceal because he sought to receive the benefit of the discharge. He also had knowledge of his claims since he had already filed charges with the IDHR and the EEOC prior to filing his bankruptcy petition. Therefore, the facts show the omission was intentional. Moreover, it is undisputed that Viette was represented by counsel when he filed his Chapter 7 petition. Presumably, his counsel explained to him what he was

5

required to do with respect to his filings. If Viette did not understand his obligations, he could have asked his counsel who could have explained it. Therefore, Viette's imperfect grasp of the English language is no excuse for his failure to accurately disclose his assets in his Chapter 7 filings. Moreover, Viette cannot shift the blame for this failure to his attorney to escape judicial estoppel. Even if he were to allege that he received bad legal advice (which he does not), that would not relieve him of his own acts. *See Cannon-Stokes,* 453 F.3d at 449 ("[B]ad legal advice does not relieve the client of the consequences of her own acts.").

Second, Viette cites to *Cannon-Stokes* to suggest that the Seventh Circuit would approve of Viette's course of action here: namely, the attempt to stay this case, reopen the bankruptcy, amend the schedules and determine whether the trustee will abandon the claims. Yet, *Cannon-Stokes* states the opposite: that "a debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due" and a debtor could only be released from an earlier representation regarding the status of his assets if he moved to amend the bankruptcy schedules as soon as he realized an asset had been omitted. *Id.* at 448-49. Here, Viette waited until after Hospitality filed its motion for summary judgment in this case to attempt to reopen his bankruptcy proceeding, which is not the scenario envisioned by the court and defined as "as soon as [he] realized."

Allowing amendment now would not be appropriate because such a ruling would only encourage debtors to conceal assets since they would have an escape hatch if they are caught. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.,* 337 F.3d 314, 321 (3d. Cir. 2003) ("The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered."); *Burnes v. Pemco*

6

*Aeroplex, Inc.,* 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [Plaintiff] to back-up, reopen the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets."). Other district courts within this circuit have agreed with this reasoning. *See, e.g., Esparza,* 2011 WL 6820022, at *4 ("allowing [plaintiff] to avoid the consequences of her deception by amending her filings only after being caught would diminish the incentive to provide truthful disclosures to the bankruptcy court"); *Smith v. Am. Gen. Life Inc. Co.,* 544 F. Supp. 2d 732, 734 (C.D. Ill. 2008); *Bland v. Rahar,* No. 09 C 3072, 2008 WL 109388, at *3 (C.D. Ill. Jan. 9, 2008). Accordingly, the Court finds that Viette should not be able to evade the doctrine of judicial estoppel by seeking to amend his bankruptcy schedules now. Therefore, summary judgment in favor of Hospitality is warranted here.[2]

## CONCLUSION

For the reasons set forth above, the Court grants Hospitality's motion for summary judgment.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: June 5, 2013

---

[2] The Ninth Circuit has found that reopening a bankruptcy proceeding is a "permissible alternative to judicial estoppel." *Dunmore v. U.S.,* 358 F.3d 1107, 1113 (9th Cir. 2004). However, this Court disagrees with the Ninth Circuit's decision because allowing a debtor to reopen a bankruptcy after they are caught omitting assets would encourage dishonest behavior by debtors.